Filed 8/21/25  In re D.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re D.S., a Person Coming Under the Juvenile Court Law. | |
| IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES, | D085851 |
| Plaintiff and Respondent, | (Super. Ct. No. JJP001180) |
| v. | |
| A.N., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Imperial County, William D. Quan, Judge.  Conditionally reversed and remanded with directions.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

Eric R. Havens, County Counsel, Mistelle Abdelmagied, Assistant County Counsel, and Kelly Ranasinghe, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION

A.N. (Mother) appeals from a juvenile court order terminating her parental rights as to D.S. (Welf. & Inst. Code,[1] § 366.26.) Her sole claim on appeal is that the juvenile court failed to ensure the Imperial County Department of Social Services (Department) complied with its inquiry duty under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and section 224.2.

Specifically, Mother contends the Department had contact with D.S.'s father; maternal grandmother, aunt, and uncle; relative caregiver; and nonrelated extended family members, but it did not inquire of those relatives as to family heritage. The Department inquired only of Mother. Mother also asserts the juvenile court did not make an express finding regarding the applicability of ICWA in this case, and any implied finding of inapplicability is not supported by the evidence.

The Department concedes it had contact with the named relatives, even if on a limited basis, but there is no record of it inquiring of these relatives regarding the respective family heritage. The Department further concedes this constitutes error warranting conditional reversal.

Because the record does not contain substantial evidence to support the juvenile court's implied findings that the Department made a proper and adequate inquiry and ICWA did not apply, we conditionally reverse the order terminating parental rights with a limited remand for the Department to comply with ICWA and section 224.2. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141.)

---

1   Further undesignated statutory references are to the Welfare and Institutions Code.

## DISPOSITION

The juvenile court's order terminating parental rights, entered on March 5, 2025, is conditionally reversed. The matter is remanded to the juvenile court with directions that the Department comply with the inquiry and notice requirements of section 224.2. If the juvenile court thereafter finds a proper and adequate inquiry and due diligence has been conducted and concludes that ICWA does not apply, then the court shall reinstate the order terminating parental rights. If the juvenile court concludes ICWA applies, then it shall proceed in conformity with ICWA and California implementing provisions.

Given the importance of expediency and need for finality, we encourage the parties to stipulate to immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).)


                                                            BUCHANAN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.